UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————X

JOSHUA HENDERSON and LIAM PACE                             Index No.

                              Plaintiffs,                        **COMPLAINT**

      -against-                                                                                **JURY TRIAL**
                                                                         **DEMANDED**

Wayne Kulkin and StreetTrend LLC

                              Defendants.

———————————————————————X

        Plaintiff Joshua Henderson and Liam Pace, through their undersigned attorneys, allege as follows:

## SUMMARY OF THE ACTION

        This is an action sounding in breach of contract, brought by plaintiffs Joshua Henderson and Liam Pace (collectively "Plaintiffs"), in connection with contracts that each of them entered into with P448, a putative division of StreetTrend LLC (the "Sneaker Company") and its owner, Chief Executive Officer and "Creative Director" Wayne Kulkin (collectively, "Defendants") pursuant to which Plaintiffs agreed to promote the Sneaker Company's anticipated line of "P448"-branded athletic footwear.

## THE PARTIES

        1.    Plaintiff Joshua Henderson ("Plaintiff Henderson") is a freelance filmmaker and cinematographer, including for The Skateboard Mag and Berrics from around 2014 to 2017, and he has been the Head of Media/Team Manager for USA Skateboarding from approximately December 2018 to present. Additionally, Plaintiff Henderson has done contract work for many major brands including Monster Energy, Redbull, Levis, Nike, Vans, Rockstar Energy, Volcom, Samsung, Nixon, Santa Cruz Skateboards, Creature Skateboards, OJ Wheels, Bones Wheels,

Thrasher Magazine, Independent trucks, S One Helmets and many more. At all relevant times, he was a resident of San Diego County, California.

2. Plaintiff Liam Pace ("Plaintiff Pace") is a professional skateboarder, generally considered to be at least rank 12 worldwide. His competition accolades include: 2021 X Games Visata (1st); 2021 Tampa Pro Concrete Jam (1st); 2021 Dew Tour (4th); 2022 X Games Japan (3rd); 2022 X Games Vista Park (8th); 2022 USA Mens Park Championships (3rd); 2022 Redbull Cold Bowl (1st); 2022 Redbull Simple Session Estonia (1st); 2022 Dew Tour (8th); 2023 World Skate Tour Argentina (9th); 2023 X Games Japan Park (7th); 2023 World Skate Park Championships UAE (7th); 2024 X Games Japan Park (7th); 2025 Tampa Pro Concrete Jam (2nd); 2025 Rockstar Tour Open Portland (7th), and others. He has professional sponsorships including Monster Energy, Foundation Skateboards, Arcade Belts, Independent, Bronson Speed Co., and OJ's. Prior to his relationship with Defendants, he also had a professional sponsorship with Vans. At all relevant times, he was a resident of San Diego County, California.

3. Defendant StreetTrend LLC purported to be a "New York limited liability company, located at 231 West 39th Street, Suite 301, New York, New York" in the Global Brand Ambassador Agreement that it entered into with Plaintiff Pace. No record of this entity exists on the New York State Secretary of State's searchable web page. Defendant StreetTrend LLC purported to be a Delaware limited liability company with its principal place of business located at 231 West 39th Street, Suite 301, New York, New York 10018. StreetTrend LLC appears in the Delaware Secretary of State's entity search, with a File Number of 6233375. At all relevant times, Defendant StreetTrend LLC maintained a principal place of business at 231 West 39th Street, Suite 301, New York, New York 10018. Defendant StreetTrend is a manufacturer, wholesaler, and retailer of

athletic shoes and other athletic products, including the "P448" brand of athletic footwear (primarily marketed towards skateboarders).

4. Defendant Wayne Kulkin is, on information and belief, the owner, Chief Executive Officer, and Creative Director of Defendant StreetTrend LLC. Defendant Kulkin is also the former Chief Executive Officer of famed women's footwear company Stewart Weitzman. Upon information and belief, at all relevant times, Defendant Kulkin has been a citizen and resident of New York.

## VENUE AND JURISDICTION

5. Venue is proper pursuant to 28 U.S.C. §1332 (Diversity of Jurisdiction) because the matter in controversy exceeds the value of $75,000, exclusive of interests and costs and is between citizens of different states.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391 because, on information and belief, all defendants reside in this District and all Defendants are residents of the State of New York.

## FACTS

7. Plaintiff Joshua Henderson entered into a "Consultant, Confidentiality and Non-Disclosure Agreement" with Defendants dated November 1, 2023.

8. Wayne Kulkin, "Creative Director, StreetTrend LLC," signed the agreement.

9. Pursuant to the agreement, Plaintiff Henderson agreed to provide four types of services: (1) "Leadership" services consisting of day-to-day oversight of an "Athlete Team" comprised of athletes engaged in surfing and skateboarding activities, organization of the team structure, related communication, and holding team members accountable to objectives and key performance indicators; (2) "Recruiting" team members based upon business/marketing objectives

while holding up brand values and expectations, structuring the team and its agreements, staying within budget, and maximizing exposure for the Sneaker Company's brand and products; (3) "Marketing Support" comprised of providing guidance concerning media content made by team members; and (4) "Creative Support" comprised of bespoke content creation during the travels of team members and ad hoc content creation as needed for the Sneaker Company's brand, schedule permitting.

10. In exchange for Plaintiff Henderson's performance of these services, the Sneaker Company agreed to pay him $10,000 per month, to be paid on the 15th day of every month, commencing December 15, 2023.

11. The agreement specified that it would continue for a term through October 31, 2026 unless terminated on 90 days notice by either party via email or letter.

12. On or about April 21, 2025, Defendant StreetTrend LLC's attorney, Harlan M. Lazarus, sent Plaintiff Henderson written correspondence notifying Plaintiff Henderson that StreetTrend LLC was terminating the parties' agreement upon the expiration of 90 days from Plaintiff Henderson's receipt of the letter. Accordingly, pursuant to the letter, the Termination Date of the parties' agreement was July 21, 2025.

13. Plaintiff Henderson has performed all of the services specified under the contract.

14. The Sneaker Company has not paid Plaintiff Henderson all of the amounts due under the contract.

15. Plaintiff Henderson properly and timely invoicing for the services rendered.

16. The last payment that Plaintiff Henderson received was a partial payment of $5,000 on April 25, 2025.

17. Plaintiff Liam Pace is a professional skateboarder who was recruited by defendant Wayne Kulkin to be a member of the Athlete Team.

18. Plaintiff Pace entered into a "Global Brand Ambassador Agreement" with P448, a putative "division" of the Sneaker Company on September 15, 2023.

19. The Sneaker Company signed the agreement by Wayne Kulkin.

20. Pursuant to the agreement, Plaintiff Pace agreed to provide the Sneaker Company with exclusive services, including: (1) "Social Media" services, including to promote and advertise the Sneaker Company's P448 branded apparel, branded footwear, and branded accessories on various forms of social media; (2) to make himself available for "Campaign Shoots" using his image across all press platforms, and; (3) to wear the Sneaker Company's products to and during all pre-scheduled major events and public appearances, including skateboard competitions.

21. Plaintiff Pace was required, under the agreement, to engage in international travel to perform these services, and Plaintiff Pace did in fact engage in that international travel.

22. The agreement provided for a term going up until September 15, 2025, unless either party terminated the agreement by reason of breach of the other party on 10 days' prior written notice delivered by either party to the other.

23. Neither party has terminated the agreement to date.

24. Plaintiff Pace was promised compensation and bonuses, set forth in Schedule 3, attached to the agreement, including a base fee of $5,000 per month, additional "Olympic Bonuses" if he received an Olympic Medal, and "Other Event Bonuses" if he placed in specified sporting events.

25. Plaintiff Pace performed all of the services required under the agreement, and despite timely and properly invoicing Defendants, has not been paid all of the amounts due under the Agreement.

26. To date, Plaintiff Pace is owed $45,000.00 in monthly base fees, and additional bonuses of $10,000.00.

27. As a result of the foregoing, Plaintiffs seek, among other things, a judgment:

(i) declaring that Defendants have breached their respective contracts with Plaintiff Henderson and Plaintiff Pace;

(ii) Damages in an amount to be determined by the finder of fact;

(iii) Attorneys fees in an amount to be determined by the finder of fact.

## AS AND FOR A FIRST CAUSE OF ACTION

**(Breach of Contract, against All Defendants)**

28. Plaintiffs repeat and reallege each and every allegation set forth in the foregoing paragraphs herein, with the same force and effect as though set forth herein.

29. Plaintiffs each entered into valid contracts with Defendants.

30. Plaintiffs each have performed their duties and obligations pursuant to their respective contracts with Defendants.

31. Defendants have each breached their contractual duties and obligations, including by failing to tender the amounts due under the agreements.

32. Plaintiffs each have been harmed as a result of Defendants' breaches of the agreements.

33. Plaintiff Henderson has been damaged in the amount of $80,000.00, which is the amount of money that Defendants have failed to pay him, so far, as of the date of filing.

34. Plaintiff Henderson will continue to be damaged for each additional month of the term of the agreement so long as Defendants fail to perform their contractual obligations of tendering the sums owed.

35. Plaintiff Henderson is additionally damaged to the extent that he is obligated to incur legal fees in order to enforce his agreement with Defendants.

36. Plaintiff Henderson's agreement with Defendants expressly provides that Plaintiff Henderson is entitled to all costs and fees, including but not limited to attorney fees and costs and any paid court fees and costs as a result of being required to enforce his contractual rights against Defendants.

37. Plaintiff Pace has been damaged in the amount of $55,000.00 which is the amount of money that Defendants have failed to pay him, so far, as of the date of filing.

38. Plaintiff Pace will continue to be damaged for each additional month of the term of the agreement so long as Defendants fail to perform their contractual obligations of tendering the sums owed.

39. Plaintiff Pace has sustained additional damage because, had Defendants fulfilled their obligations pursuant to their contract with Plaintiff Pace, Plaintiff Pace would have been entitled to additional fees and commissions for sales of a particular P448 sneaker model with an individualized color scheme designed in part by Plaintiff Pace, and jointly developed, marketed, and promoted. Other members of the Athlete Team, including without limitation Yam Israel, who successfully completed similar Brand Ambassador contracts with Defendants were able to jointly develop, market, and promote their own individualized P448 sneaker models and did in fact receive additional fees and commissions in connection with sales of those sneakers.

40. Plaintiff Pace has suffered additional reputational damage as a result of Defendants not moving forward with development, marketing, and promotion of individualized P448 sneakers based upon design input from Plaintiff Pace. As a result of the foregoing, Plaintiff Pace has been deprived of his "expectation" or "benefit of the bargain" damages, including royalties and commissions in amount to be proved at trial and, upon information and belief, in excess of $100,000. Plaintiff Pace's damages have been exacerbated by the fact that Defendants have continued to release new shoes under the P448 brand, which causes members of the public and skateboarding afficionados alike to question the commercial value of Plaintiff Pace's reputation and professional services as a spokesperson for skateboarding-related products and services, and which calls into question his ability to successfully monetize those products and services on behalf of sponsors and relationship partners.

**WHEREFORE**, Plaintiffs demand judgment against the defendants as follows:

(i) On the first cause of action, declaring that that Defendants have breached their respective contracts with Plaintiffs;

(ii) On the first cause of action, damages in an amount to be determined at trial;

(iii) On the first cause of action, attorneys' fees in an amount to be determined at trial;

(iv) Granting such other and further relief as may be just and proper.

Dated: Garden City, New York
September 15, 2025                                **VALLI KANE & VAGNINI LLP**

                                                             */s/ Matthew L. Berman*
                                                      BY: MATTHEW L. BERMAN

600 Old Country Road
Garden City, New York 11530
Tel: (516) 203-7180
mberman@vkvlawyers.com

*Attorneys for Plaintiffs*